**In re JOHN M. RUSSELL, Inc.**

No. 39611.

District Court, E. D. New York.

Jan. 30, 1942.

David Haar, of New York City, for trustee.

John P. McGrath, of Brooklyn, N. Y., for receiver.

**ABRUZZO, District Judge.**

This is a motion instituted by the Trustee in bankruptcy for an order compelling the receiver appointed in the Supreme Court of the State of New York in a foreclosure action to file with the Referee in this court an accounting of his receipts and disbursements.

One Harry Hanley was appointed receiver of the rents and profits of certain real property located at Great Neck, Nassau County, New York, pursuant to a mortgage foreclosure action commenced in the Supreme Court of the State of New York, Nassau County. The bankrupt herein was the owner of the equity in the said property.

On August 14, 1941, the receiver made a motion in the New York Supreme Court, returnable August 22, 1941, for an order settling his accounts and discharging him. Thereafter, the trustee made the present motion in this court.

In the Supreme Court of the State of New York, the trustee interposed objections to the receiver's accounting. As a result of the issues raised by these objections, the matter was referred to an Official Referee of the Supreme Court for determination. Hearings were held before the Official Referee on the 21st and 23rd days of October, 1941, at which time the issues raised by the trustee's objections were fully heard. On November 28, 1941, the said Official Referee, in his decision on the motion, overruled the objections interposed by the Trustee. An order on that decision was entered on December 3, 1941. It is evident that the issues raised by the Trustee were fully tried and a determination was made on the merits.

The trustee has cited Chapter II, Section 2, subdivision a(21), and Chapter VII, Section 69, subdivision d, Bankr.Act, 11 U.S.C.A. § 11, sub. a(21) and § 109, sub. d, in support of his motion.

The latter section of the Bankruptcy Act seems to confer authority on this court to compel a receiver or trustee, not appointed under the Act, to account to the bankruptcy court under which the proceeding is pending for any action taken by him subsequent to the filing of the petition in bankruptcy. The petition herein was filed on August 31, 1940, and the receiver was appointed prior to that or on August 17, 1940, for the purpose of collecting the rents of a particular piece of property. He was not a receiver of the general assets of the bankrupt, and was under the direct order of the New York Supreme Court. It is doubtful whether Section 69, subdivision d, of the Act, affects a receiver appointed in the state court for the sole purpose of collecting rents from a specific parcel of land owned by the bankrupt, and disbursing the funds for the protection of the property.

Considering the two sections of the Bankruptcy Act cited by the trustee, it appears that in the event that this Court granted the trustee's motion, the receiver's accounting would be filed and the same objections would be interposed by the trustee. This would afford him two trials of the same issues already determined in the Supreme Court of the State of New York. A fair interpretation of the Bankruptcy Act leads to the conclusion that it was not intended to give two trials of the same issues. As was said in Re National Motorship Corporation, 2 Cir., 96 F.2d 88, 92, " * * * state court's disposition was always subject to the assent of the bankruptcy court * * *", indicating that full faith and credit can therefore be given by this court to the determination of the Supreme Court of the State of New York.

This motion is denied. Settle order on two (2) days' notice.